UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR SINGLETON, Sr,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DR. FORTUNE, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-0783 MCE KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.  In Forma Pauperis

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §
3  1915(b)(2).

4  II.  Screening Requirements and Standards

5      The court is required to screen complaints brought by prisoners seeking relief against a
6  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
7  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
8  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
9  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

10      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
12  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16  Cir. 1989); Franklin, 745 F.2d at 1227.

17      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
18  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
19  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467
20  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
21  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
22  this standard, the court must accept as true the allegations of the complaint in question, Hosp.
23  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
24  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
25  McKeithen, 395 U.S. 411, 421 (1969).

26  III.  Analysis

27      In his complaint, plaintiff names as defendants Dr. Fortune, Dr. Wong, Dr. Smiley, and
28  Secretary Jeffrey Beard of the California Department of Corrections and Rehabilitation

("CDCR").  Plaintiff alleges that Dr. Fortune violated the Eighth Amendment by failing to properly treat plaintiff's kidney tumors, which led to plaintiff developing cancer and having to have a kidney removed.  (ECF No. 1 at 3.)  Plaintiff also alleges that Dr. Wong and Dr. Smiley violated the Eighth Amendment by failing to treat the following conditions from which plaintiff suffers:  (i) a torn rotator cuff, (ii) a left arm mobility impairment caused by nerve damage, (iii) pain in plaintiff's "toes, legs[,] left hip, lower back[,] arms[,] and shoulder from spinal cervical radiculopathy of [his] left side," and (iv) "pressure on both hips."  (Id. at 5.)  Drs. Wong and Smiley are also alleged to have failed to provide plaintiff with appropriate pain medication for these conditions.  (Id.)  Finally, plaintiff alleges that Secretary Beard is responsible for "the health [and] safety . . . of every prisoner in the state of California."  (Id. at 4.)

Plaintiff's claims against Dr. Fortune appear unrelated to his claims against Drs. Wong and Smiley.  The court can discern no connection between one physician's alleged failure to treat kidney tumors and two other physicians' alleged failure to treat neurological and musculoskeletal conditions.  Unrelated claims against different defendants must be pursued in multiple lawsuits.  The controlling principle appears in Fed. R. Civ. P. 18(a):  "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  Id.  In other words:

> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).  Plaintiff's allegations may not be properly joined together as claims in a single action, as they involve discrete events that do not arise out of the same occurrence and do not involve a common question of law or fact.  See Fed. R. Civ. P. 20(a)(2).  Because the complaint appears to allege unrelated claims against different defendants, plaintiff must file an amended complaint

3

correcting this defect.  In other words, if plaintiff wishes to sue all three of Drs. Fortune, Wong, and Smiley, it may be that he must proceed against Dr. Fortune in this action, and against Dr. Wong and Dr. Smiley in a separate, newly-filed action (or vice-versa).

Based on the allegations in his complaint, it also does not appear to the court that plaintiff can sue Secretary Beard.  Under section 1983, plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated plaintiff's constitutional rights.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2010).  Liability may not be imposed on supervisory personnel under section 1983 on the theory of respondeat superior, as each defendant is only liable for his or her own misconduct.  Id.; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).  A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007).

Finally, the court notes that plaintiff seeks as remedies $10,000,000 in monetary damages, as well as to be "released [from prison] for [his] family to provide care."  (ECF No. 1 at 3.)  Plaintiff is hereby informed that release from custody is not a remedy that is available under Section 1983.  In Preiser v. Rodriguez, the United States Supreme Court held that a habeas action, rather than a suit under § 1983, is the proper vehicle for a state prisoner to challenge "the fact or duration of his confinement."  411 U.S. 475 (1973).  Consequently, actions under Section 1983 are not cognizable when the prisoner seeks "immediate release from prison" or a shortening of the term of confinement.  Id. at 482.

For the reasons set forth above, the court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants

engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

As it appears that plaintiff is attempting to bring claims under the Eighth Amendment for inadequate medical care, the court will briefly set forth the standards that govern such a claim.

To state a claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind.  Snow v. McDaniel, 681 F.3d 978, 982 (9th Cir. 2012), overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc); Wilson v. Seiter, 501 U.S. 294, 297-99 (1991).

To meet the objective element, plaintiff must demonstrate the existence of a serious medical need.  Estelle, 429 U.S. at 104.  Such a need exists if the failure to treat the injury or condition "could result in further significant injury" or cause "the unnecessary and wanton infliction of pain."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotes and citations omitted).  Serious medical needs include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; [and] the existence of

chronic and substantial pain." McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled in part on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

Under the subjective element, a prison official is deliberately indifferent only if the official "knows of and disregards an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal quotes and citation omitted). To prevail on a claim for deliberate indifference, a prisoner must demonstrate that the prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). The court "need not defer to the judgment of prison doctors or administrators" when deciding the deliberate indifference element. Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir. 1989) (where prison officials were aware loss of his dentures was causing him severe pain and permanent physical damage, three month delay in providing pain relief and soft food diet constituted Eighth Amendment violation).

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059. In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett, 439 F.3d at 1096; see also McGuckin, 974 F.2d at 1060.

In applying the deliberate indifference standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06.) A complaint that a physician has been negligent in

diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi, 391 F.3d at 1058; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§]1983 claim." Franklin, 662 F.2d at 1344. To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson, 90 F.3d at 332; see also Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (awareness of need for treatment followed by unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); see also Snow, 681 F.3d at 988 (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 18) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3.  Plaintiff's complaint is dismissed.

    4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  November 9, 2015

/sing0783.14.new

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE